### REGINA WATSON
### v.
### CHARLES CARPENTER ET AL.

*Mechanic's Lien—Contracts—Parties—Husband and Wife—Agency.*

Upon appeal from a decree for a mechanic's lien, it is *held:* That it may be fairly inferred from the evidence that the appellant, the owner of the premises, and her husband, made one of the contracts in question, and that the husband acting as the wife's agent made the other of said contracts.

[Opinion filed December 7, 1888.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. KING & PACKARD, for appellant.

Mr. ELIOT FURNESS, for James B. and Michael Sullivan, appellees.

*Per Curiam.*   These cases were consolidated and heard together in the Superior Court, a decree being entered for a mechanic's lien to the extent of $291.19 in favor of Carpenter, and $486.10 in favor of James B. and Michael J. Sullivan. From that decree the owner of the premises, Regina Watson, appeals.

We think it may be fairly inferred from the evidence that appellant and her husband made the contract with Carpenter, and that her husband, acting as her agent, made the contract with the Sullivans. In pursuance of those contracts the labor and material were furnished. The house where the improvement was made was the residence of the Watsons. Appellant was present when the work under both contracts was begun. She was at home nearly all the time while it was in progress, repeatedly giving directions about it and at times selecting the material to be used. The case is somewhat involved by the fact that the work in one or more rooms of the house was ordered by one Ives, and appellant's defense was that he alone was the contracting party for the whole of the improvements.

There was no decree for the work and labor which was done for Ives, and we think the court was not in error in finding the contracts sued on were, in law, the contracts of Regina Watson.

The decree of the court below is affirmed.

*Decree affirmed.*